UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DEVIEST PATTON                    ]
    Plaintiff,                    ]
                                  ]
v.                                ]     No. 3:13-1346
                                  ]     Judge Campbell
CCA/MDCDF, et al.[1]              ]
    Defendants.                   ]

# M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility (MDCDF) in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against MDCDF; the unnamed provider of healthcare at that facility; MDCDF Officers Douglas and Prewitt; and MDCDF nurse Hendricks; seeking damages.

On August 1, 2013, the plaintiff injured his collar bone while being transported to Juvenile Court. He seems to suggest that the defendants have in some way interfered with his right to medical care for the injury.

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt

---

[1] "CCA/MDCDF" is an anagram for the Corrections Corporation of America, a private entity under contract to operate the Metro Davidson County Detention Facility.

v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).

In this case, the plaintiff acknowledges that he was taken to a free world hospital where an x-ray was taken of his collar bone. When the physician there recommended surgery, "I didn't let him do it yet". Docket Entry No.1 at pg.2. The plaintiff has been administered cortisone and other medications for his pain, has seen an orthopedic specialist at least twice, and has been scheduled for surgery. Docket Entry No.7 at pg.5. In short, jail officials have not been indifferent to the plaintiff's need for medical care.

This dispute, therefore, arises over the adequacy of the care provided the plaintiff. When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v.Jones, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, *supra* at 429 U.S. 105-106. Therefore, the plaintiff has failed to describe conduct resulting in a violation of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, the plaintiff is unable to

prove every element of a § 1983 cause of action. Consequently, he has failed to state a claim upon which relief can be granted. When a prisoner proceeding in forma pauperis has failed to state a claim for relief, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge